UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE MARK ON 287 OWNER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2730-B |
| | § | |
| CROFT, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Croft, LLC ("Croft")'s Motion to Dismiss (Doc. 14). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Croft's Motion.

I.

BACKGROUND[1]

This case is about windows. Plaintiff The Mark on 287 Owner, LLC ("Mark") owns an apartment complex in Waxahachie, Texas. Doc. 13, Am. Compl., ¶ 6. Croft is a company that sells windows and doors. *Id.* ¶ 7. Mark alleges that it entered into a contract with Croft for the purchase and installation of windows at Mark's apartment complex. *Id.* ¶¶ 9, 24. Mark also alleges that its contract with Croft included two express warranties. *Id.* ¶¶ 13–14. The first warranty, the Insulated Glass Lifetime Warranty ("Lifetime Warranty"), provides the following:

> Each unit of insulated glass is warranted on a pro rata basis from the date of manufacture. Croft warrants that under normal conditions of use and service, moisture condensation of the inner surfaces due to leakage of the unit at the sealed

---

[1] The Court derives the factual background from Mark's Amended Complaint, documents Mark refers to in the Amended Complaint, and public records. "[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (citation omitted).

-1-

> edges will not occur. . . . This Warranty shall extend only to and is limited to the purchaser of the unit from Croft and the original homeowner and/or occupant of the building in which the unit has been installed and is not transferrable.

*Id.* ¶ 13 (ellipsis in original); *see also* Doc. 16, Def.'s App'x, 29.

The second warranty, the Limited Warranty, provides that:

> Croft, LLC guarantees that under normal use, products supplied hereunder will not rot, crack, split, or rust for as long as the original purchaser owns the single family home in which the products were initially installed. In addition, other components, hardware, and paint are warranted under normal use, to be free of manufacturing defects for a period of one year from date of purchase. . . . The warranty may be exercised by the original homeowner only and is not transferrable to subsequent owners.

Doc. 13, Am. Compl., ¶ 14 (ellipsis in original); *see also* Doc. 16, Def.'s App'x, 27. Both warranties include express disclaimers of both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. Doc. 16, Def.'s App'x, 27, 29.[2]

Mark alleges that the windows installed by Croft included defects and defective materials. Doc. 13, Am. Compl., ¶¶ 15, 22. Although the Complaint does not allege when the windows were installed, beginning in June 2023, Mark began experiencing problems with the windows installed by Croft. *Id.* ¶ 15. Specifically, the window frames began "cracking, splitting, and separating." *Id.* Mark claims that these problems were partly caused by "water leaking through the faulty seal between the window and the frame." *Id.*

Mark initiated this lawsuit and asserts five claims. First, Mark alleges that Croft breached the parties' contract by delivering nonconforming goods. *Id.* ¶¶ 23–26. Second, Mark asserts a breach of express warranty claim, arguing that Croft breached the Limited Warranty and the Lifetime

---

[2] These warranties are considered part of the pleadings because Mark references these documents and quotes part of their language in its Amended Complaint. *See Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 726.

Warranty. *Id.* ¶¶ 27–35. Third and fourth, Mark asserts claims for breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. *Id.* ¶¶ 36–50. Fifth and finally, Mark asserts that Croft violated the Texas Deceptive Trade Practices Act ("DTPA") by committing misleading acts when selling the windows. *Id.* ¶¶ 51–57. Croft moves to dismiss each claim asserted by Mark. Doc. 14, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original) (citation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

*Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (citation omitted).

## III.

## ANALYSIS

The Court first concludes that Mark has failed to plead a breach of contract claim because Mark accepted the allegedly nonconforming windows. Additionally, Mark failed to state a claim for breach of an express warranty because Croft's Limited Warranty does not apply to apartment complexes and Mark has not alleged facts showing that Croft breached the Lifetime Warranty. The Court next concludes that the parties' alleged contract included provisions expressly disclaiming the implied warranties of merchantability Mark raises. Lastly, Mark's DTPA claim survives Croft's narrow argument for dismissal.

A.   *Mark Has Failed to Adequately Plead a Breach of Contract Claim.*

Under Texas law, a breach of contract claim has the following elements: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied). At the outset, the Court notes that it is not entirely clear what contract Mark alleges it entered with Croft. While Mark refers to several documents in its Complaint, such as the two express warranties at issue, Doc. 13, Am. Compl., ¶¶ 13–14, Mark never alleges the existence of any written contract or any other document containing the terms of the alleged agreement between Mark and Croft. But reading the Complaint in the light most favorable to Mark, the Court concludes that Mark alleges it entered a contract when Croft

"was hired to supply windows to [Mark's] Property" and their alleged contract included the Limited and the Lifetime Warranties. *See id.* ¶ 8. Because both parties agree that the contract involved the sale of goods, *see* Doc. 17, Resp., 4; *see* Doc. 23, Reply, 4, the Court assumes that the parties' dispute is governed by Texas's enacted version of the Uniform Commercial Code. TEX. BUS. & COM. CODE § 2.102.

Under Texas law, "breach of warranty and breach of contract are distinct causes of action with separate remedies." *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 60 (Tex. 2008). "[T]he critical factor in whether the buyer has a breach of contract or breach of warranty claim is whether the buyer has finally accepted the goods." *Emerson Electric Co. v. American Permanent Ware Co.*, 201 S.W.3d 301, 310 (Tex. App.—Dallas 2006, no pet.). In other words, the buyer can only bring a breach of contract claim if it *rejects* the nonconforming goods or *revokes* its acceptance of the nonconforming goods, and the buyer can only bring a breach of warranty claim if it *accepts* the nonconforming goods. *Id.* Here, Mark accepted the windows in 2020, Doc. 13, Am. Compl., ¶ 8, and the only provisions that it alleges Croft breached are the two warranties at issue. *Id.* ¶ 25. Specifically, Mark alleges that "[Croft] breached the contract by failing to deliver the goods *as described in the contract*." *Id.* (emphasis added). Thus, Mark's breach of contract claim is predicated on the windows allegedly not satisfying the contract's express warranties. *See* Doc. 17, Resp., 6. However, Mark cannot assert a breach of contract claim on such a theory as Mark finally accepted the windows. *See Emerson Electric*, 201 S.W.3d at 310. Accordingly, the Court grants Croft's Motion to Dismiss as to Mark's breach of contract claim.

B.   *Mark Fails to Adequately Allege a Breach of Express Warranty Claim.*

Under Texas law, breach of express warranty claims have the following elements:

> "(1) an express affirmation of fact or promise by the seller relating to the goods; (2) that such affirmation of fact or promise became a part of the basis of the bargain; (3) that the plaintiff relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) that the plaintiff was injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of the plaintiff's injury."

*Am. Eurocopter Corp. v. CJ Sys. Aviation Grp.*, 407 S.W.3d 274, 291 (Tex. App.—Dallas 2013, pet. denied); *see also* TEX. BUS. & COM. CODE § 2.313. Mark asserts a breach of express warranty claim, alleging that Croft breached both the Limited Warranty and Lifetime Warranty. Doc. 13, Am. Compl., ¶¶ 27–35.

While Mark only quoted portions of the express warranties in its Complaint, Croft attached the full text of both express warranties to its Motion to Dismiss. Doc. 16, App'x, 27–30. Courts are generally limited to the complaint when ruling on a 12(b)(6) motion to dismiss, but documents attached to the motion to dismiss are considered part of the pleadings if they are (1) referenced in the complaint and (2) central to the plaintiff's claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Here, the Limited and Lifetime Warranties are incorporated into the Complaint as Mark quotes both Warranties in its Amended Complaint, Doc. 13, Am. Compl., ¶¶ 13–14, and because they are central to Mark's breach of express warranty claim. *See id.* ¶¶ 27–35. Further, Mark argues that both warranties are "part of the bargain being contracted for between the Mark and Croft." Doc. 17, Resp., 6. Thus, the Court considers the warranties provided by Croft in its Motion to Dismiss as the warranties are not outside the pleadings pursuant to Federal Rule of Civil Procedure 12(d). *See Collins*, 224 F.3d at 498. The Court addresses each theory in turn.

   1. <u>The Limited Warranty Does Not Apply to the Windows in Mark's Apartment Complex.</u>

The Limited Warranty cannot be used to support Mark's breach of express warranty claim because it does not apply to windows used in apartment complexes. Texas courts interpret the terms

of warranties using the same rules they use to interpret contracts. *Carlisle Corp.*, 251 S.W.3d at 61. And when interpreting contracts, Texas courts "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

The language in the Limited Warranty that Mark invokes for its claim provides that Croft's windows will "not rot, crack, split, or rust for as long as the original purchaser owns the *single family home* in which the products were initially installed." Doc. 16, App'x, 27 (emphasis added); *see also* Doc. 13, Am. Compl., ¶ 14. Thus, Croft only made an affirmation of fact regarding the quality of the windows if the windows were installed in a particular setting: a single-family home. The ordinary plain meaning of "single family home" is a separate, individual dwelling intended for one family to live in. The Limited Warranty does not contain any indication that "single family home" means anything other than its ordinary meaning. *See* Doc. 16, App'x, 27–28; *see also* Doc. 13, Am. Compl., ¶ 14. Here, Croft did not install the windows in a single-family home, nor Mark did use the windows in a single-family home—instead, the windows were installed and used in an apartment complex. Doc. 13, Am. Compl., ¶¶ 8–9. Thus, these windows do not fall within the scope of the Limited Warranty. *See Am. Eurocopter Corp.*, 407 S.W.3d at 291.

Mark argues that the Limited Warranty should apply in the context of Mark's and Croft's transaction because "'single-family home' must have meant the homes where the windows were installed." Doc. 17, Resp., 11. However, Mark's interpretation is inconsistent with the plain meaning of the Limited Warranty and "[c]ourts may not rewrite the parties' contract, nor should courts add to its language." *In re Davenport*, 522 S.W.3d 452, 457 (Tex. 2017). Thus, there is no reason for the Court to interpret "single family home" to mean the apartment community where Croft installed

the windows. And because Mark alleges that it used the windows in an apartment complex as opposed to a single-family-home, Mark has failed to state a claim for breach of express warranty based on the Limited Warranty. *See Am. Eurocopter*, 407 S.W.3d at 291.

### 2. Mark Has Not Alleged that Croft Breached the Lifetime Warranty.

Mark has not alleged any facts for the Court to draw the reasonable inference that Croft breached the Lifetime Warranty. This warranty provides, in relevant part, "that under normal conditions of use and service, *moisture condensation of the inner surfaces* due to leakage of the unit at the sealed edges will not occur." Doc. 16, App'x, 30 (emphasis added); *see also* Doc. 13, Am. Compl., ¶ 13. To clarify, the Lifetime Warranty only guarantees that leaks between the edges of the window and the window frame will not cause moisture condensation on the inner surfaces. This warranty does *not*, however, serve as a warranty for any conceivable damage caused by leaks at the edges between the window and window frame.

Here, Mark has not alleged that there is any moisture condensation on their windows' inner surfaces. Instead, Mark claims that its windows have "crack[ed], split[], and separate[ed]" due to an allegedly "faulty seal between the window and the frame." Doc. 13, Am. Compl., ¶ 15. However, the Lifetime Warranty does not cover all damages caused by a faulty seal—it only applies if the faulty seal results in moisture condensation on the inner surfaces. Mark has not alleged *any* facts to allow the Court to draw the reasonable inference that such moisture condensation has occurred. Accordingly, the Court grants Croft's Motion to Dismiss as to Mark's claim for breach of an express warranty based off the Lifetime Warranty.

C.   *The Express Warranties Disclaim the Implied Warranties of Merchantability and Fitness for a Particular Purpose.*

Mark asserts claims for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose. Texas law allows sellers of goods to disclaim both implied warranties. TEX. BUS. & COM. CODE § 2.316(b). The Supreme Court of Texas has held that a disclaimer of implied warranties is an affirmative defense. *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 135 (Tex. 2014). The Court can only grant a motion to dismiss because of an affirmative defense based on "pleaded and judicially noticed facts that are not 'outside the pleadings' according to Rule 12(d)." *Hall v. Hodgkins*, 305 F. App'x 224, 228 n.1 (5th Cir. 2008) (citing FED. R. CIV. P. 12(d)).

A disclaimer of the implied warranty of merchantability "must mention merchantability and in case of a writing must be conspicuous." TEX. BUS. & COM. CODE § 2.316(b). To effectively disclaim the implied warranty of fitness for a particular purpose, the disclaimer "must be by a writing and conspicuous." *Id.* Whether the disclaimer is "conspicuous" is a question of law. TEX. BUS. & COM. CODE § 1.201(10). A writing is conspicuous when "a reasonable person . . . ought to have noticed it." *Id.* "[C]ourts have found that disclaimers in bold or capital letters, setting such disclaimer apart from the surrounding text, were sufficiently conspicuous to make the disclaimer valid." *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 853 (S.D. Tex. 2018); *see also Am. Eagle Ins. Co. v. United Techs. Corp.*, 51 F.3d 468, 469 (5th Cir. 1995).

Croft argues that the Lifetime and Limited Warranties each included express disclaimers, meaning that Mark fails to state a claim for both of its breach of implied warranties claims. Doc. 15, Br. Mot., 9; Doc. 23, Reply, 5–6. As discussed above, the Court will consider the warranties provided by Croft in its Motion to Dismiss as they are not outside the pleadings pursuant to Federal Rule of

Civil Procedure 12(d). Doc. 13, Am. Compl., ¶¶ 13–14; *see Hall*, 305 F. App'x at 228; *Collins*, 224 F.3d at 498.

The Limited Warranty states that "ANY AND ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY EXPRESSLY DISCLAIMED AND EXCLUDED BY CROFT." Doc. 16, App'x, 27 (emphasis in original). And the Lifetime Warranty likewise includes the following disclaimer: "THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE HEREBY EXPRESSLY EXCLUDED, AND THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, WHICH EXTEND BEYOND THE WARRANTY STATED HEREIN." *Id.* at 3 (emphasis in original). The Court finds that these disclaimers, which are in all capital letters unlike their surrounding text, are sufficiently conspicuous for a reasonable person to be aware of them. *See id.* at 3–4; *see Adams*, 395 F. Supp. 3d at 853. Because the implied warranty disclaimers are valid, Mark fails to state a claim for implied warranty of merchantability and implied warranty of fitness for a particular purpose. Accordingly, the Court grants Croft's Motion to Dismiss as to Mark's implied warranty claims.

D.     *Croft Failed to Establish that Mark is Not a Consumer Under the DTPA.*

Mark lastly brings a claim for deceptive trade practices under the DTPA. Doc. 13, Am. Compl., ¶¶ 51–57. The elements of a DTPA claim are "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995).

A consumer is defined as a person or entity who "seek[s] or acquire[s] goods or services by lease or purchase" and the good or services "must form the basis of the party's complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied). However, a plaintiff is not a consumer under the DTPA if it is a business that owns "assets of $25 million or more." TEX. BUS. & COM. CODE § 17.45(4). The Supreme Court of Texas has held that the $25 million exception to the consumer definition is an affirmative defense. *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672, 674–75 (Tex. 1990). As discussed above, the Court can only grant a motion to dismiss based on an affirmative defense by considering "pleaded and judicially noticed facts that are not 'outside the pleadings' according to Rule 12(d)." *Hall*, 305 F. App'x at 228 (citing FED. R. CIV. P. 12(d)); *see also Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (holding that district courts may consider judicially noticed facts when determining whether an affirmative defense applied at the motion to dismiss stage).

Croft argues that Mark is not a consumer under the DTPA because Mark owns the apartment complex at issue that, according to Ellis County Property Tax Records, is worth over $27 million. Doc. 15, Br. Mot., 13. The Court considers these facts at the motion to dismiss stage because Mark pleaded that it owns this apartment complex, Doc. 13, Am. Compl., ¶ 6, and because the Court can take judicial notice of the Ellis County tax records as they are public documents, *See Allen v. Washington Mut. Bank*, No. A-15-CV-0411-LY-ML, 2015 WL 4395141, at *4 (W.D. Tex. July 16, 2015) (taking judicial notice of the property value in county tax records), *report and recommendation adopted*, No. A-15-CV-411-LY, 2015 WL 11438108 (W.D. Tex. Aug. 19, 2015).

However, the property tax records fail to conclusively establish that Mark falls outside the definition of "consumer" under the DTPA. The Fifth Circuit has explained that under Texas law,

"tax valuations do not constitute conclusive evidence of [fair market value]." *Poswalk v. GMAC Mortg., LLC*, 519 Fed. App'x 884, 886 (5th Cir. 2013). Because tax records do not conclusively establish fair market value at the summary judgment stage, it follows that Croft cannot rely on such evidence to conclusively establish the value of Mark's apartment complex at the motion to dismiss stage. *Cf. City of Sherman v. Wayne*, 266 S.W.3d 34, 49 (Tex. App.—Dallas 2008, no pet.) (noting that tax appraisals "rarely reflect[] the true market value" of property). As this is the only fact Croft offers to establish that the $25 million exception applies, the Court cannot grant the motion to dismiss based on this affirmative defense.

In its Reply, Croft argues—for the first time—that the DTPA expressly exempts projects that cost more than $500,000 and that Mark spent more than this threshold amount when it built its apartment complex. Doc. 23, Reply, 8. The Court will not consider this argument because Croft did not raise these grounds for dismissal in its original Motion. *See* Doc. 15, Br. Mot., 12–13; *see Jacobs v. Tapscott*, No. 3:04-CV-1968-D, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief."), *aff'd*, 277 F. App'x 483 (5th Cir. 2008).

Croft did not move to dismiss the DTPA claim on any ground other than its argument that Mark is not a consumer under the DTPA. *See* Doc. 15, Br. Mot., 12–13. Accordingly, the Court denies Croft's Motion to Dismiss as to Mark's DTPA claim.

D.   *The Court Grants Mark Leave to Amend its Express Warranty Claim.*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains*

*Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

The Court concludes it would be futile to grant Mark leave to amend its breach of contract claim because this case does not appear to contain any dispute other than the quality of Croft's windows. Because Mark alleges that it accepted the windows, *see* Doc. 13, Am. Compl., ¶ 8, Mark may only assert a breach of a warranty claim. *Emerson Electric*, 201 S.W.3d at 310. Thus, it would be futile to grant Mark leave to amend its breach of contract claim.

The Court will grant Mark leave to amend its breach of express warranty claim on the theory that Croft breached the Lifetime Warranty. While Mark did not allege sufficient facts to allow the Court to draw the reasonable inference that this warranty was breached, it does not appear that it would be futile to grant Mark leave to amend. However, the Court will not grant Mark leave to amend its theory that Croft breached the Limited Warranty as it would be futile to grant leave given the Limited Warranty's plain text.

Lastly, the Court concludes it would be futile to grant Mark leave to amend its claims for breach of the implied warranties of merchantability and fitness for a particular purpose because Croft effectively disclaimed these warranties when selling the windows to Mark. Thus, no set of facts could support these claims.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Croft's Motion to Dismiss (Doc. 14). Specifically, the Court **DENIES** the Motion as to Mark's DTPA claim and **GRANTS** the Motion as to Mark's claims for breach of contract, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The Court **DISMISSES WITH PREJUDICE** Mark's claims for breach of contract, breach of the express warranty pursuant to the Limited Warranty theory, and breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The Court **DISMISSES WITHOUT PREJUDICE** Mark's claim for breach of express warranty pursuant to the Lifetime Warranty. Mark may file an Amended Complaint repleading this breach of express warranty claim within **fourteen (14)** days of this Order.

SO ORDERED.

SIGNED: August 20, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE